IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAGNOLIA GROUP, LLC | ) | PLAINTIFF |
| | ) | |
| v. | ) | CIVIL ACTION NO.1:13cv317-HSO-RHW |
| | ) | |
| O'DWYER REALTY, LLC, MARY BUNCH, | ) | |
| AN INDIVIDUAL, LNG INVESTMENTS, | ) | DEFENDANTS/THIRD PARTY |
| LLC, LLOYD NICAUD, AN INDIVIDUAL, | ) | PLAINTIFF |
| GERALD RIGBY, AN INDIVIDUAL | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted on behalf of interested party, Douglas Handshoe, pursuant to Federal Rules of Civil Procedure 26 and 45, who respectfully moves this Honorable Court to quash certain communications sought and/or for the entry of a Protective Order relative to Notice of 30(b)(6) Deposition issued by defendant Mary Bunch (Bunch) to Plaintiff Magnolia Group, LLC (ECF No. 58 and 58-1).

According to Federal Rule of Civil Procedure 26(c)(1), a court "may, for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this rule, the court may control the scope and manner of discovery to protect sensitive, private information and ensure that certain information either not be revealed or be revealed only in a specified way. The rule permits the entry of a protective order specifying the terms for disclosure of forbidding inquiry into certain matters or limiting the scope of disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(B), (D). Additionally Rule 26(b)(1)

1

limits the scope of discovery to "any non-privileged matter that is relevant to any party's claim or defense". The court may issue a protective order in its discretion.

A minimal showing of prejudice is required by a non-party for the entry of a protective order to be appropriate. In the instant matter, communications sought involve non-party Handshoe as contained in Notice of 30(b)(6) Deposition issued by defendant Mary Bunch (Bunch) to Plaintiff Magnolia Group, LLC (ECF No. 58-1, items 5 and 6).

Under Federal Rule of Civil Procedure 45, the Court may quash a subpoena that seeks "disclosure of privileged or other protected matter" or "subjects a person to undue burden." *See Fed. R. Civ. P. 45*. In this instance, non-party Handshoe's communications with plaintiff, Magnolia Group, resulted from official acts in his capacity of journalist and publisher of www.slabbed.org owned by Slabbed New Media. LLC, which Handshoe respectfully submits meets the definition of privileged materials as his communications meet the criteria for the "qualified privilege" for public interest journalism found in *Selcraig, In re, 705 F.2d 789, 798 (5th Cir. 1983)*

Even though journalists are not completely immune from civil discovery, the Fifth Circuit held in *Selcraig*:

> *We have not overlooked the contention made by Selcraig and by the amicus curiae that the Miller test is not strict enough to protect the reporter's privilege in civil cases when the reporter is a non-party witness and that the reporter's privilege is invadable only if it is shown that there is a "compelling need" for the information or that it is "absolutely critical" to a claim or defense. Miller establishes the rule for this circuit. We deem its criterion an adequate shield.*

Handshoe avers there is no compelling need for defendant, Bunch, to request privileged communications between Handshoe and plaintiff, Magnolia Group, via its manager Washburn. Finally the information sought involving communications between Handshoe and Magnolia Group are not relevant to either the claims or defenses in this civil action. To the extent the media coverage referenced documentary evidence, all such documents and other evidence is available from other third parties such as Wells Fargo. Thus, the compelling interest of protecting media communications cannot be overcome here by a showing of prejudice or even relevance. Thus, the Motion to Quash should be granted ordering that this aspect of the Notice of 30(b)(6) deposition not be complied with.

**Communications between Magnolia Group, LLC and Handshoe / Slabbed New Media, LLC are not relevant to the claims or defenses of this litigation.**

Handshoe stipulates that his website at www.Slabbed.org[1] broke this public interest story involving the use of public funds to purchase the Bay Tech Building via a transaction which strongly resembles a common short sale fraud scheme known as *Flopping*[2] on September 20, 2012. Handshoe followed up with additional articles on September 25, 2012 and September 27, 2012. Handshoe disclosed in the articles of the 20th and 27th that he had spoken with Mr. Bill Washburn of Magnolia Group, LLC and Mrs. Avra O'Dwyer of O'Dwyer Realty, LLC

---

[1] Slabbed.org, by Slabbed New Media, LLC has been recognized as an authority for investigative journalism by main stream media outlets including the Sun Herald and the New Orleans Times Picayune including most recently Slabbed's coverage of the scandal at the Mississippi Department of Marine Resources. The official Slabbed twitter account is followed by every major investigative journalist in a 2 state area including Gordon Russell, managing editor for Investigative reporting at the New Orleans Advocate, David Hammer, Investigative Journalist at WWL Channel 4 TV, Bill Siegel, News Director for WWL Channel 4 TV, Jerry Mitchell of the Jackson Clarion Ledger, and Anita Lee of the Biloxi Sun Herald to name a few. National / International Media professionals that follow the Slabbed New Media twitter account include Campbell Robertson, Southern Correspondent for the New York Times, CNN Legal Analyst Mark NeJame and Michael W. Hudson, Senior Editor of the International Consortium of Investigative Journalists'.

[2] See Bloomberg Article titled, "Banks Face Short-Sale Fraud as Home 'Flopping' Spreads", located at http://www.bloomberg.com/news/2010-06-10/banks-face-fraud-from-short-sales-as-u-s-home-flopping-schemes-spread.html for a complete explanation of this real estate fraud scheme.

(9/27/12). These articles relied heavily on the Official Minutes of the Bay-Waveland School Board, publicly available real property records and other press accounts of the Bay Tech sale and subsequent controversy involving politically connected individuals that colluded with certain public officials to execute the short sale scheme. Handshoe, via his website, has continued to cover this matter as developments warrant including this instant litigation. In each article Handshoe dealt exclusively with the sequence of past events that led to the two sales of the Bay Tech Building in a very short time period, such building ultimately purchased with public funds. These events occurred up to 150 days previous to the date the first article on the topic was published to the Slabbed New Media website.

All of the elements which completed the torts alleged in the original complaint and cross complaints occurred well before the first story was published to the Slabbed New Media website, which recounted the events after the fact. Finally, a plain read of the attributed quotes on the Slabbed New Media website to both Mr. Washburn and Mrs. O'Dwyer clearly reference documents defendant Bunch is seeking from other third parties with an interest in the litigation such as Wells Fargo. This quote attributed to Mr. Washburn in the post to the Slabbed New Media website dated September 27, 2012 titled, *Sea Coast Echo story on Bay Waveland Schools buying Bay Tech building raises additional questions (UPDATED)* illustrates:

> .....he (Washburn) indicated the referenced "short sale" really wasn't a classic short sale as his bank, Well Fargo retained certain collateral on the related loan and forgave none of the deficiency as he remains on the hook for the full amount of the loan. He indicated to Slabbed that certain representations were made to Well Fargo in order to get them to release the Bay Tech building that were clearly not accurate. He indicated to Slabbed that he has notified Wells Fargo of Slabbed's coverage of this transaction and it has been

*referred to their internal investigative unit. As I stated earlier Mr Washburn, a lawyer in his own right, has also retained counsel.*

Each point disclosed by the interview above that may be relevant to the case are discoverable from Wells Fargo or Mr. Washburn without involving the qualified privileged communications between non-party, Handshoe, and the plaintiff. Similarly, the same is true regarding the quotes attributed to Mr. Washburn in the article posted to the Slabbed New Media website dated September 20, 2012 which broke the scandal:

*I called Mr Bill Washburn, owner of Magnolia Group for comment and he confirmed the sale, sales price and listing realtor.*

**Seeking communications between plaintiff and non-party, Handshoe, is a backdoor attempt to circumvent the qualified privilege for journalists found in *In re Selcraig***

*Miller v. Transamerican Press, Inc.*, 621 F.2d 721, as modified, 628 F.2d 932 contains a test to determine if the qualified privilege applies to the materials sought via discovery. The Fifth Circuit does not differentiate between cases where the media is a party and where it is not. Rather, the Fifth Circuit has stated that the elements of the privilege announced in *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, as modified, 628 F.2d 932 (5th Cir. 1980), a libel case against the media, provide an "adequate shield" for reporters even in civil cases where the reporter is a non-party witness. *In re Selcraig*, 705 F.2d 789, 799 (5th Cir. 1983).

The elements of the test contained in *Miller* are:

1. Is the information relevant?
2. Can the information be obtained by alternative means?
3. Is there a compelling interest in the information?

As discussed in the preceding section, seeking communications between a journalist and the party that was the apparent victim of a short sale fraud scheme, which occurred well after the

fact are not relevant to the claims or defenses. Additionally, assuming the communications which led to the direct quotes of the representative of the Magnolia Group exhibited above are determined relevant, they are available from third parties and appear to have also been requested from Washburn in defendant Bunch's Notice of 30(b)(6) Deposition, Exhibit A. Finally, there is no compelling interest in the communications between plaintiff, Magnolia Group and defendant, Bunch beyond the conduct of a fishing expedition to ascertain the source of the tip(s) received by Handshoe which led to the publication of the stories on the short sale fraud scheme which has resulted in at least two official State of Mississippi investigations and this instant civil action.[3]

Out of an abundance of caution, in light of Handshoe's status as a non-party and the confidential, sensitive, personal and private nature of the information that is the subject of the Notice of Deposition under Rule 30(b)(6), non-party, Handshoe, prays that in the event this Honorable Court should find the communications sought by defendant, Bunch, involving Handshoe and Magnolia Group are discoverable, Handshoe requests the court undertake an *in camera* review to determine the extent the communications may be subject to discovery and issue a protective order to the parties to this litigation prohibiting providing, releasing, disclosing or disseminating the communications in total or any part or portion thereof, to any non-party to this litigation.

Additionally, Handshoe requests to the extent that defendant Bunch intends to use the communications at a 30(b)(6) deposition, in the event this Honorable Court should find the communications sought by defendant, Bunch, involving Handshoe and Magnolia Group are

---

[3] Slabbed New Media is well aware of the identity of the Bay Waveland School District official that possessed the key to the Bay Tech Building in order to facilitate the School District's appraisals of same, which occurred BEFORE it was sold by Magnolia Group to LNG Investments. Slabbed withheld this name due to (then) pending investigations of the Mississippi Real Estate Commission and The Office of the State Auditor into this matter. It is Slabbed New Media's understanding the Mississippi Real Estate Commission investigation remains ongoing.

discoverable, such communications be designated as "Subject to a Confidentiality Order" and, if filed with the Court, that the filing be made under seal. This limited, alternative relief requested by Handshoe is reasonable in light of his status as a non-party and the confidential, private nature of the communications. Absent the entry of a protective order, Handshoe will be prejudiced because qualified privileged material contained in the communications, some of which may have been made "off the record" and would contain proprietary journalistic information not known to competitors of Slabbed New Media LLC.

### Conclusion

WHEREFORE, non-party Handshoe moves this Honorable Court to absolve plaintiff from the responsibility of producing the documents requested (ECF No 58-1, items 5 and 6) and order the parties to limit the scope of discovery to relevant materials within the meaning of Fed. R. Civ. P. 26(b)(1). In the event this Honorable Court determines such communications to be relevant and non-privileged, non-party, Handshoe, moves this Honorable Court to enter a protective order to protect non-party Handshoe's non-published or private and privileged communications which may be disclosed therein via a protective order or sealing of the records which the Court may deem discoverable.

Respectfully submitted this 18th day of February, 2014,

_____
Interested party and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing motion and memorandum of law in support to the following via email and United States Mail:

Mr. Ben F. Galloway, Esq.
Owen, Galloway and Myers, P. L. L. C.
1414 25th Avenue (39501)
Post Office Drawer 420
Gulfport, MS 39502
bfg@owen-galloway.com
Attorney for Magnolia, Group, LLC

Mr. Jason B. Purvis, Esq
Deutsch, Kerrigan & Stiles
2510 14th Street, Suite 1001
Gulfport, MS 39501
jpurvis@dkslaw.com

Attorney for Mary Bunch

Mr. Christopher M. Howdeshell, Esq.
Pittman, Howdeshell, & Hinton, PLLC
140 Mayfair Road, Suite 700 (39402)
Post Office Drawer 17138
Hattiesburg, MS 39404
chris@pittmanlawfirm.net
Attorney for Lloyd Nicaud, Gerald Rigby and LNG Investments, LLC

Mr. Donald J. Rafferty, Esq.
Donald J. Rafferty, Attorney at Law
2118 18th Street (39501)
Post Office Box 4252
Gulfport, MS 39502-4252
donaldrafferty@bellsouth.net
Attorney for O'Dwyer Realty, LLC

_____ 2/18/14
Third Party and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com