UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAGNOLIA GROUP, LLC                                                                                         PLAINTIFF

VERSUS                                                               CIVIL ACTION NO. 1:13CV317-HSO-RHW

O'DWYER REALTY, LLC et al                                                                              DEFENDANTS

### ORDER DENYING MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER

Before the Court is non-party Douglas Handshoe's *pro se* [67] Motion to Quash and/or Motion for Protective Order.  In his motion, Handshoe invokes the journalist's qualified privilege in an effort to prevent disclosure of certain communications requested as part of a Rule 30(b)(6) deposition.  On February 6, 2014, Defendant Mary Bunch filed a notice to take the Rule 30(b)(6) deposition of Plaintiff Magnolia Group, LLC.  In conjunction with the deposition, Defendant requested the disclosure of communications among Douglas Handshoe/Slabbed.org and Magnolia Group, Keith Aschliman or William Washburn.  Of special relevance to the instant motion under consideration, Defendant Bunch does not seek the requested information from Handshoe or Slabbed.org.  Rather, Handshoe seeks to prevent Magnolia Group from disclosing what he asserts are confidential communications.

Handshoe's invocation of the journalist's privilege is misplaced.  The privilege is intended to shield a reporter from being required to disclose the identity of persons who have imparted information to him or her in confidence.  *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983).  The Fifth Circuit has rejected a broad privilege in journalists' non-confidential work product.  *See United States v. Smith*, 135 F.3d 963, 968-71 (5th Cir. 1998).  The privilege is designed to limit

"the circumstances in which litigants may obtain access to press files through court-ordered discovery." *Chevron Corp. v. Belinger*, 629 F.3d 297, 307-08 (2d Cir. 2011).

In the instant case, Defendant Bunch is not asking Handshoe to disclose confidential information or the identity of confidential sources. In fact, Defendant Bunch has not requested any disclosures whatsoever from Handshoe or Slabbed.org. Rather, Defendant Bunch's discovery requests are directed at Plaintiff Magnolia Group, who has not invoked the journalist's qualified privilege regarding the requested information. If Magnolia Group possesses information regarding communications between itself and Handshoe or Slabbed.org, the information cannot be withheld based on Handshoe's assertion of a journalist's privilege. *See Reporters Committee for Freedom of Press v. American Tel. & Tel. Co.*, 593 F.2d 1030, 1050 (D.C. Cir. 1978)(holding that journalists "have no right to resist good faith subpoenas duces tecum directed at a third-party's business records"). In fact by seeking information from Magnolia Group rather than directly from Handshoe, Defendant is following the proper procedure because it seeks the information through other available reasonable means. *See In re Selcraig*, 705 F.2d at 792. The Court finds that Handshoe's attempt to prevent a third party from disclosing information based on Handshoe's reporter's privilege exceeds the limited scope of the qualified journalist's privilege.

IT IS THEREFORE ORDERED AND ADJUDGED that the [67] Motion is DENIED.

SO ORDERED, this the 25th day of March, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE